UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT HEZEKIAH PRESCOTT,

    Plaintiff,

v.

ERICK BALCARCEL, *Warden*,

    Defendant.

Case No. 2:18-cv-10131
Honorable Laurie J. Michelson

**OPINION AND ORDER DENYING REQUEST TO STAY**

Robert Prescott is serving time in a Michigan prison for committing a host of state-law crimes, including first-degree criminal sexual conduct. He now petitions this federal court to release him from prison or order a new trial. (*See* R. 1.)

But in his petition for a writ of habeas corpus, he also asks this Court to put this case on hold. (R. 1, PID 9.) Prescott lists five claims that have not yet been presented to the state courts. He thus wants this Court to hold his petition in abeyance while he returns to state court to exhaust these five claims.

When, as here, a habeas corpus petition presents only unexhausted claims, a federal court can dismiss the petition or, if dismissal places the petitioner in jeopardy of being too late to refile his petition after exhausting in state court, it can stay the case and hold the petition in abeyance. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005); *Rhines v. Weber*, 544 U.S. 269, 278 (2005). But the second option (stay and abey) is only justified if "there was good cause for the petitioner's failure to exhaust his claims first in state court" and if the claims are not "plainly meritless." *Rhines*, 544 U.S. at 278.

It seems that the reason (or at least one reason) for the "plainly meritless" requirement is to ensure that there is some realistic possibility that the state courts will grant relief; after all, there is no reason to stay a habeas corpus case while the petitioner attempts an act of futility. Here, Prescott has not adequately explained to the Court why there is a realistic possibility that the state courts will grant relief. Prescott has already filed one motion for relief from judgment in state court (more on this below), and, generally, "one and only one motion for relief from judgment may be filed with regard to a conviction." Mich. Ct. R. 6.502(G)(1). There is a limited exception: the second motion is "based on a retroactive change in law that occurred after the first motion for relief from judgment" or based on "a claim of new evidence that was not discovered before the first such motion." Mich. Ct. R. 6.502(G)(2). Prescott's first motion was filed on December 22, 2016 (R. 1, PID 15), a little over a year ago. Yet Prescott has made no showing that any of the claims he intends to present in his second motion for relief from judgment are based on law that changed in the last 13 months or new evidence discovered in the last 13 months.

But even if there is a good chance that Prescott will succeed in state court, there is a more fundamental problem with his request for a stay.

The purpose of the stay-and-abeyance procedure is to prevent situations like the following: a federal court dismisses a habeas corpus petition because some (or all) of the claims are unexhausted, the dismissal occurs when there is one month left on AEDPA's one-year statute-of-limitations clock, and thus, even though the one-year clock stops once the state-court motion is filed, "the petitioner's chances of exhausting his claims in state court and refiling his petition in federal court before the limitations period runs are slim." *Rhines*, 544 U.S. at 275.

Yet Prescott does not face anything like this situation. His direct appeal did not become final until 90 days after November 30, 2016. *See* (R. 1, PID 14); *Sherwood v. Prelesnik*, 579 F.3d 581, 585 (6th Cir. 2009). So AEDPA's one-year clock would have started in early March 2017. *See* 28 U.S.C. § 2244(d)(1)(A). But, by that time, Prescott had already filed his motion for relief from judgment. And as it turns out, that attack on his conviction remains pending in the state courts. (R. 1, PID 9.) In particular, while the Michigan Court of Appeals has denied Prescott leave to appeal the denial of his motion for relief from judgment, the Michigan Supreme Court has not yet decided whether or not to grant leave. *See* (R. 1, PID 9, 25); *People v. Prescott*, No. 156784 (Mich. leave filed July 21, 2017). This is significant because AEDPA's one-year statute-of-limitations bar was (and is) tolled while Prescott's motion for relief from judgment was (and is) pending. 28 U.S.C. § 2244(d)(2); *see also Cowherd v. Million*, 380 F.3d 909, 912–14 (6th Cir. 2004) (en banc) (overruling prior precedent where tolling applied only if state-court, post-conviction motion raised a claim later presented in the federal habeas corpus petition); *Tillema v. Long*, 253 F.3d 494, 502 (9th Cir. 2001) ("AEDPA's period of limitation is tolled during the pendency of a state application challenging the pertinent judgment, even if the particular application does not include a claim later asserted in the federal habeas petition."). In other words, as far as this Court can tell, Prescott still has the entirety of his one year to file his habeas corpus petition. And that being the case, his "chances of exhausting his claims in state court and refiling his petition in federal court before the limitations period runs are [not] slim." *Rhines*, 544 U.S. at 275.

Accordingly, the Court DENIES Prescott's request to stay this case. Instead, the Court will DISMISS Prescott's petition WITHOUT PREJUDICE because none of the claims in the petition are exhausted.[1]

SO ORDERED.

                                                                                                      s/Laurie J. Michelson
                                                                                                        LAURIE J. MICHELSON
Dated: January 30, 2018                                               U.S. DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 30, 2018.

                                                                                     s/Keisha Jackson
                                                                                     Case Manager

---

[1] The Court notes that AEDPA's one-year clock will continue to be tolled while Prescott's request for leave remains pending before the Michigan Supreme Court. But whether that clock will be tolled by a second motion for relief from judgment depends entirely on whether the state trial court accepts the second motion for filing. Michigan Court Rule 6.502(G) is a filing rule, and tolling only occurs for "properly filed" state-court motions for relief from judgment. *See* 28 U.S.C. § 2244(d)(2). Thus, Prescott's second motion will *not* entitle him to any tolling unless the state court finds that Prescott has established one of the two limited exceptions under 6.502(G)(2) (i.e., new law or new evidence). *See generally Williams v. Birkett*, 670 F.3d 729 (6th Cir. 2012). In other words, there is a good chance that AEDPA's clock will both start and continue to run should the Michigan Supreme Court deny Prescott leave to appeal the denial of his first motion for relief from judgment.